UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BERNARD MCFADDEN, | ) | Civil Action No.: 3:06-cv-01560-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MRS. FNU JOE, Head Nurse of the | ) | |
| Eastern Healthcare Group; MR. SIMON | ) | |
| MAJOR, Director of Sumter-Lee Regional | ) | |
| Detention Center; THE EASTERN | ) | |
| HEALTHCARE GROUP, Medical | ) | |
| Provider for SLRDC in their official, | ) | |
| individual or personal capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, brings this action alleging that he did not receive adequate medical care for an alleged fractured ulna he sustained while a pre-trial detainee at the Sumter-Lee Regional Detention Center on July 10 or 16, 2003.[1]  Specifically, Plaintiff alleges that his requests for medical treatment and to see an orthopaedist were ignored following his injury, which resulted from an altercation with another inmate.  Plaintiff has alleged conscious and deliberate indifference to his medical needs under 42 U.S.C. § 1983 in addition to claims under state law.  Plaintiff initiated this action on May 22, 2006.  Although Plaintiff properly served Defendant Major, he has not served Defendants Joe or Eastern Healthcare Group.

This matter comes before the court with the Report and Recommendation [Docket Entry #37] of Magistrate Judge Joseph R. McCrorey.  The Magistrate Judge recommended that Defendant Major's [Docket Entry #17] motion for summary judgment be granted.  The

---

[1] Plaintiff initially alleged that he sustained the injury on July 16, 2003, then without explanation alleged that he sustained the injury on July 10, 2003.

Magistrate Judge also recommended that Defendants Joe and Eastern Healthcare be dismissed *sua sponte*. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on August 17, 2007.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

### Discussion

Defendant Major moved for summary judgment arguing that: 1) the doctrine of res judicata barred Plaintiff's claims; 2) Plaintiff failed to state a cause of action under the Fourteenth Amendment because Plaintiff has not shown that Major was deliberately indifferent to any of the Plaintiff's serious medical needs; 3) Major is entitled to qualified immunity; 4) Major is entitled to employee immunity under the South Carolina Tort Claims Act ("SCTCA")

2

as to any state tort claims; 5) Plaintiff's state law claims are barred by the two-year statute of limitations under the SCTCA; and 6) Major is entitled to sovereign immunity under the SCTCA for any acts of simple negligence as Plaintiff's allegations of negligence do not rise to the level of gross negligence.

With regard to Plaintiff's claims under federal law, the Magistrate Judge found that summary judgment should be granted because: 1) Plaintiff's claims were barred by the doctrine of res judicata; 2) Plaintiff had failed to establish that Major was deliberately indifferent to any of his serious medical needs; and 3) Major was entitled to qualified immunity.  Concerning Plaintiff's state law claims, the Magistrate Judge recommended that the state law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).  The Magistrate Judge also recommended that the claims against Defendants Joe and Eastern Healthcare be dismissed for failure to serve them and because Plaintiff had not shown that Joe and Eastern Healthcare had been deliberately indifferent to Plaintiff's serious medical needs.  Additionally, it was recommended that Defendant Joe be dismissed from this lawsuit on the basis of res judicata.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.  The court has reviewed the Plaintiff's objections and finds that they are without merit.  Plaintiff's allegations simply do not amount to deliberate indifference to his serious medical needs.  As stated by the Magistrate Judge, claims that amount to mere medical negligence do not constitute constitutional violations.  Further, an examination of the record reveals that Plaintiff did in fact receive medical treatment for his alleged injury and was examined by an orthopaedic surgeon on August 22, 2003.  As

3

Plaintiff's federal claims fail, the court declines to assert supplemental jurisdiction over the Plaintiff's state law claims. Accordingly, Plaintiff's state law claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3).

<u>Conclusion</u>

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report and Recommendation herein by reference. Defendant Major's [Docket Entry #17] motion for summary judgment is **GRANTED** and the federal claims against Major are **DISMISSED with prejudice**. Plaintiff's state law claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff's claims against Defendants Joe and Eastern Healthcare are also **DISMISSED without prejudice**.

**IT IS SO ORDERED**.


August 31, 2007                                    s/ R. Bryan Harwell
Florence, South Carolina                           R. Bryan Harwell
                                                   United States District Judge

4